## BRUNER v. UNITED STATES.
### No. 3133.

Circuit Court of Appeals, Tenth Circuit.
Aug. 27, 1945.

Herbert K. Hyde, of Oklahoma City, Okl. (Lee Williams, of Oklahoma City, Okl., on the brief), for appellant.

Charles E. Dierker, U. S. Atty., and Robert E. Shelton, Asst. U. S. Atty., both of Oklahoma City, Okl., for appellee.

Before MURRAH, Circuit Judge, and RICE and SAVAGE, District Judges.

SAVAGE, District Judge.

The sole question presented by this appeal is whether the evidence resulting in the conviction of appellant, Joe W. Bruner, of violation of 27 U.S.C.A. § 223 by transporting taxpaid whisky into dry Oklahoma, was obtained by an unreasonable search and seizure contrary to the Fourth Amendment to the Constitution of the United States.

On October 10, 1944, at about 1:00 A.M., George Long and Ernest Evans, Agents of the Alcohol Tax Unit, were by special assignment patrolling U. S. Highway 66 near the Texas-Oklahoma line on the alert for cars transporting whisky into Oklahoma. Each was driving a radio-equipped automobile. The car occupied by Bruner and a companion, traveling at a speed of 75 miles per hour, passed the officers at a point in Texas near the state line and proceeded into Oklahoma. The officers sought to overtake the car with Evans in the lead. After proceeding five or six miles, Bruner checked his speed. Evans passed him and Long trailed behind. Bruner thereupon stopped his car and alighted therefrom to urinate. While thus engaged he was approached by Long, who had likewise stopped his car, and a conversation ensued.

In response to an inquiry, Bruner identified himself, saying, "I am Joe Bruner, from Thomas, Oklahoma." Long then recognized Bruner as the party pointed out to him by Sheriff Scott a month before at Thomas, Oklahoma, as a person engaged in hauling liquor from Texas into Oklahoma. Long said, "Joe, I am George Long, federal officer from Enid, Oklahoma." Bruner exclaimed, "Jesus Christ!" Long inquired, "How much of a load do you have?" Bruner responded, "Twelve cases." After this incriminatory admission, Long invited Bruner to open the back end of the car or turn over the keys, but Bruner assured him that the car was not locked.

At this juncture Evans returned. Either Evans, Long or Bruner opened the turtle-back of the car and approximately twelve cases of tax paid whisky were found and seized. Bruner was taken into custody but the officers did not recall stating to him that he was under arrest.

The officers did not have a warrant for search of the automobile. They had no information that Bruner was transporting whisky in this automobile. They had no knowledge that Bruner was hauling whisky from Texas into Oklahoma on this particular night. They were not looking for Bruner, or the automobile which he was driving, and did not recognize the automobile or driver until Bruner disclosed his identity.

Bruner timely moved to quash the indictment and to suppress the evidence upon the ground that the evidence to be used at the trial had been obtained by an unlawful search and seizure. The evidence above detailed was presented to the Court at the hearing on such motions. The motions were overruled and, trial by jury having been waived, it was stipulated that the same testimony be considered as the government's evidence at the trial. Defendant offered no evidence. He was found guilty by the court and a sentence of one year was imposed.

■■■■ A vehicle may lawfully be searched by a federal officer if he has probable cause to believe that contraband liquor is being transported. Probable cause exists if the facts and circumstances known to the officer or of which he has reasonably trustworthy information are sufficient to warrant a man of prudence and caution in the belief that intoxicating liquor is being transported in the vehicle searched. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790.

■■■ Obviously the officers did not have information which would justify stopping the automobile in question. When the car passed them they knew only that it was proceeding along the highway from Texas into Oklahoma at an excessive rate of speed.

This circumstance merely created a suspicion that the automobile was loaded with whisky, which caused them to keep the car under surveillance and await developments. But the automobile was not brought to a stop at a command from the officers. Bruner stopped the car of his own volition to accommodate himself and not the officers. After Bruner left the parked automobile the conversation with Long took place, which culminated in Bruner's admission that the car was loaded with twelve cases of whisky. Having been assured by Bruner that twelve cases of whisky were in the automobile and having observed the automobile move across the state line from Texas into Oklahoma, Long thereupon had abundant information to authorize the search and seizure which followed.[1]

■■■ Bruner argues that his admission to the officers came after he had been placed under arrest; that the arrest was unlawful because made without a warrant and without probable cause to believe a crime was being committed in their presence; and that his admission obtained through interrogation by the officers while unlawfully detained may not be considered in determining whether there was probable cause for the search and seizure.

If the arrest had preceded the crucial admission, an interesting question would be presented as to whether facts elicited by interrogation of a party unlawfully held in custody may afford the basis for a lawful search and seizure. But we do not reach that question. Here the evidence clearly shows that Bruner was not under arrest when he revealed the presence of the liquor in the automobile. He had not been taken into custody, nor had he been detained against his will. He had not been threatened or coerced by the officer. See 4 Am. Jur. 5, Sec. 2; State v. District Court, 70 Mont. 378, 225 P. 1000; Peloquin v. Hibner, 231 Wis. 77, 285 N.W. 380. Prior to the fatal admission, no act or statement of Officer Long could reasonably have been interpreted by Bruner as disclosing an intention to restrain him of his liberty.

The judgment is affirmed.

---

[1] See Underhill's Criminal Evidence, 4th Ed., Sec. 799, p. 1456, where the author says:

"If a person is suspected of having contraband in his possession, and being asked about it by officers of the law admits it, his admission will justify his immediate arrest and incidental search, and evidence thus obtained is admissible even though the officers had no search or arrest warrant. This seems to be almost a uniform rule."